**AIR LINE PILOTS ASSOCIATION, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

**No. 4:97 CV 01194 SNL.**

United States District Court, E.D. Missouri, Eastern Division.

June 20, 1997.

Charles A. Werner, Schuchat and Cook, St. Louis, MO, Jerry D. Anker, Marcus C. Migliore, Air Line Pilots Assoc., Washington, DC, for plaintiff.

Larry M. Bauer, Eric A. Todd, Stinson and Mag, St. Louis, MO, for defendant.

## ORDER

LIMBAUGH, District Judge.

This matter comes before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 9). The underlying complaint for injunctive, declaratory and other relief arises under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*

Also pending is the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

## Background

The facts giving rise to this lawsuit are not really in dispute. The Plaintiff, Air Line Pilots Association ("Plaintiff" or "ALPA") is an unincorporated labor organization and a representative as defined in Section 1, Sixth of the RLA, 45 U.S.C. § 151, Sixth. As such, it is the duly authorized and certified collective bargaining representative under the RLA and the parties' collective bargaining agreement ("CBA" or "contract") for all pilots employed by the Defendant, Trans World Airlines, Inc. ("Defendant" or "TWA"). The Defendant is a common carrier engaged in interstate and foreign commerce as defined in Section 201 of the RLA, 45 U.S.C. § 181.

For many years ALPA and TWA have been parties to successive collective bargaining agreements. The most recent and current contract became effective on September 1, 1994, and remains in effect. It is to remain in effect until September 1, 1997, and shall renew itself annually without change for yearly periods unless written notice of an intent to change the contract is served pursuant to Section 6 of the RLA, 45 U.S.C. § 156. Both parties have exchanged notices pursuant to Section 6 of the RLA of their intended changes and amendments to the CBA. Collective bargaining negotiations began on June 4, 1997, and are continuing.

### The Award of the TWA System Board of Adjustment

Pursuant to the requirements of 45 U.S.C. § 184 and the CBA, the TWA System Board of Adjustment ("System Board") has been established to hear disputes growing out of grievances, or out of the interpretation and application of the CBA concerning rates of pay, rules, or working conditions involving TWA pilots. In accordance with the RLA and the CBA, ALPA submitted a grievance to TWA challenging its method of calculating certain values used in scheduling pilots—the "Average Line Value" ("ALV") and the monthly "Target." The dispute centered on TWA's failure to include flying time for trips that carried over from one month to the next in its ALV calculation. TWA denied the grievance and ALPA submitted the dispute to the System Board on November 30, 1995.

The System Board held hearings on February 27 and 28, 1996, in St. Louis, Missouri, before Arbitrator Richard Kasher, an agreed upon neutral who acted on behalf of the System Board. On April 21, 1997, Arbitrator Kasher issued an Opinion and Award of the System Board (the "Award"), sustaining ALPA's grievance and directing TWA to begin calculating the ALV using "all monthly flying time beginning with the month of May, 1997." System Board Award at 31. "ALV" "Target" and "Monthly Flying Time" are all defined terms in Section 10(B)(6) of the CBA.

The parties met on May 28 and 30, 1997, to discuss how to implement the Award. On May 30, 1997, TWA issued a letter to ALPA outlining the manner in which it intended to implement the Award. The letter also stated that the new bidding process would be in place for the July bid awards.

## Discussion

The instant Complaint arises out of the parties divergent interpretations of the Award. ALPA argues that TWA has not complied with the Award and is refusing to do so. It further contends that TWA is attempting to implement unilateral changes in the status quo working conditions in violation of Sections 2 First, 2 Seventh, 5 and 6 of the RLA, 45 U.S.C. §§ 152 First and Seventh, 155 and 156.

TWA maintains that the new bidding process it has proposed not only complies with the Award, but is mandated by the same. It further argues that because this dispute involves an interpretation of the Award, it is within the exclusive jurisdiction of the System Board. Alternatively, it argues that this dispute involves the interpretation and application of the existing CBA and, therefore, is a "minor" dispute under the RLA. In either case, TWA argues that this Court is without subject matter jurisdiction.

If ALPA is seeking an interpretation of the Award, the Court agrees that it is with-

out subject matter jurisdiction. The proper forum for such an interpretation is undoubtedly the System Board. 45 U.S.C. § 153 First(m); *see also Brotherhood of Maintenance of Way Employees v. Burlington Northern,* 24 F.3d 937, 938–39 (7th Cir.1994).

If, however, the dispute is whether the new bidding process is justified under the existing CBA or whether TWA is attempting to implement unilateral changes in the status quo working conditions, the Court's subject matter jurisdiction will depend on whether this matter is classified as a "major" or "minor" dispute under the RLA.

■ "In general, a major dispute involves an effort to secure new contractual rights, while a minor dispute involves the interpretation or application of an existing agreement." *Brotherhood Ry. Carmen v. Missouri Pacific R. Co.,* 944 F.2d 1422, 1426 (8th Cir.1991), citing *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n,* 491 U.S. 299, 302, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250 (1989); *see also Sheet Metal Workers' Intern. v. Burlington Northern,* 893 F.2d 199, 202–03 (8th Cir.1990). Major disputes are subject to the mandatory status quo and bargaining process prescribed by Section 6 of the RLA, 45 U.S.C. 5 156, and may involve immediate resort to the district courts. *United Transp. Union v. Burlington Northern,* 458 F.2d 354, 357 (8th Cir.1972); *see also Carmen* 944 F.2d at 1426–27. Minor disputes are subject to the exclusive jurisdiction of the adjustment board, and judicial review is limited. *Carmen* 944 F.2d at 1427. The exchange of Section 6 notices does not transform a minor dispute into a major one. *Id.*

■ "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties collective bargaining agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Consolidated Rail,* 491 U.S. at 307, 109 S.Ct. at 2483. The employer has the burden of establishing that its actions are "arguably justified" under the terms of the collective-bargaining agreement. *Carmen,* 944 F.2d at 1427. The burden, however, is "relatively light." *Id.* As a matter of statutory preference, it is not for the courts "to interpret or construe the language of the collectively-bargained for agreement between the parties; rather, our function is to determine whether this case implicates a question of contract interpretation." *International Ass'n of Machinists v. Soo Line R.R.,* 850 F.2d 368, 376 (8th Cir.1988). When in doubt, courts construe disputes as minor. *Brotherhood of Locomotive v. Atchison, Topeka & Santa Fe,* 768 F.2d 914, 920 (7th Cir.1985).

■ It is clear that this case implicates a question of contract interpretation. The arguments submitted by both parties hinge on their respective interpretations of "ALV" "Target" and "Monthly Flying Time" as those terms are defined in the CBA. To accept ALPA's argument as to the proper application of the Award is to accept its interpretation of how the aforementioned terms are used in the CBA. This is precisely the kind of situation courts are to avoid under the RLA. Moreover, the Court cannot say as matter of law that the new bidding process proposed by TWA is frivolous or obviously insubstantial under the existing CBA. Accordingly, because resolution of this dispute is simply a matter of contract interpretation, this case presents a minor dispute and the Court is without subject matter jurisdiction.

The Court declines to exercise any traditional equity powers to enjoin the implementation of the new bidding process and to maintain the status quo until the matter is resolved in the arbitrable forum. Notwithstanding ALPA's assertions to the contrary, the Court concludes that there is no evidence of irreparable harm.

In light of the Court's conclusions that it is without subject matter jurisdiction and that there is no evidence of irreparable harm, ALPA's Suggestion to Court Concerning Remand to System Board is moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 9) is **GRANTED.**

IT IS FURTHER ORDERED that ALPA's Suggestion to Court Concerning Remand to System Board (# 14) is **DENIED** as moot.

IT IS FINALLY ORDERED that this case is **DISMISSED** with prejudice.